UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAFARGE CORPORATION, | : |
|           Plaintiff, | : CIVIL ACTION NO. 02-CV-2803 |
| v. | : |
| LAMCORP, INC., JAY SKOWRONEK and JUDITH SKOWRONEK, | : |
|           Defendants. | : |

COMPLAINT

Plaintiff, Lafarge Corporation ("Lafarge"), by and through its attorneys Stevens & Lee and Tofel, Karan & Partners, P.C. as and for its Complaint against the above-named defendants, respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332(a)(2); there is complete diversity of citizenship between the parties. The amount in controversy herein exceeds the sum of $75,000, exclusive of interests and costs.

2. Pursuant to 28 U.S.C. §1391(a)(2) venue is proper in this District as a substantial part of the events giving rise to the causes of action occurred in Lancaster, Pennsylvania.

**THE PARTIES AND ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

3. At all relevant times herein mentioned, Lafarge was and still is a corporation duly created, organized and existing under and by virtue of the laws of the State of Maryland which maintains its principal places of business in Southfield, Michigan and Herndon, Virginia.

4. Upon information and belief, at all relevant times herein mentioned defendant Lamcorp, Inc. d/b/a Tri-Boro Concrete ("Lamcorp") was and still is a corporation duly created,

organized and existing under and by virtue of the laws of the State of Pennsylvania which maintains its principal place of business therein.

5.  Upon information and belief, at all relevant times herein mentioned, defendant Jay Skowronek ("Mr. Skowronek") was and still is a resident of the State of Pennsylvania, and an officer and owner of Lamcorp.

6.  Upon information and belief, at all relevant times herein mentioned, defendant Judith Skowronek ("Mrs. Skowronek") was and still is a resident of the State of Pennsylvania and an officer and owner of Lamcorp.

7.  On or about June 18, 1999, Mr. Skowronek completed, executed and sent to Lafarge a Credit Application and Agreement ("Agreement") and Personal Guaranty ("Personal Guaranty") which had been requested by Lafarge. The application which Lamcorp and Mr. Skowronek completed, signed and returned to Lafarge, provides that:

> "IN CONSIDERATION FOR SALES TO APPLICANT [LAMCORP] ON OPEN ACCOUNT, **THE UNDERSIGNED INDIVIDUALLY AND UNCONDITIONALLY GUARANTEES TO LAFARGE AND ITS SUCCESSORS,** THE PROMPT PAYMENT OF SAID ACCOUNT IF NOT PAID WHEN DUE BY APPLICANT. APPLICANT AND THE UNDERSIGNED FURTHER AGREE TO REIMBURSE LAFARGE FOR ALL ATTORNEY'S FEES, COURT COSTS, AND OTHER CHARGES, IF THIS ACCOUNT SHOULD BE PLACED IN THE HANDS OF AN ATTORNEY FOR COLLECTION (emphasis supplied)
>
> IN CONSIDERATION FOR THE SALES TO APPLICANT ON OPEN ACCOUNT, APPLICANT AND THE UNDERSIGNED [FURTHER] AGREE . . . THAT INTEREST MAY ACCRUE ON ALL INVOICED AMOUNTS THAT ARE PAST DUE AT A RATE PER ANNUM EQUAL TO THE LESSER OF (i) 18%

OR (ii) THE MAXIMUM RATE ALLOWED BY APPLICABLE STATE LAW (IF APPLICABLE STATE LAW DOES NOT PROVIDE FOR A MAXIMUM RATE OF INTEREST, THE MAXIMUM RATE SHALL BE 18%) UNTIL PAID IN FULL."

A true and correct copy of the Agreement and Personal Guaranty is attached hereto as Exhibit A and is incorporated by reference. A true and correct copy of the Agreement's terms and conditions are attached hereto Exhibit B and are incorporated by reference.

8. Pursuant to the Agreement, on or about November 24, 1999, Mr. Skowronek and Mrs. Skowronek executed and delivered to Lefarge an additional Personal Guaranty, in favor of Lafarge. A true and correct copy of the additional Personal Guaranty is attached hereto as Exhibit C and is incorporated by reference.

9. During a period beginning in or around June 27, 2001 and continuing through February 20, 2002, Lafarge, at the specific instance and request of defendants, sold and delivered to and for the benefit of quantities of defendants quantities of cement (the "Goods") having an agreed price and reasonable value of $116,994.02 no part of which has been paid despite due demand therefore.

10. Lamcorp has failed and refused to pay for the balance of said sales and deliveries and there remains an unpaid principal balance due to Lafarge of $116,994.02.

11. Due to Lamcorp's failure to make timely payment to Lafarge of the said principal sum, in accordance with Lafarge's prevailing credit terms and the Agreement, finance charges have accrued thereon which, as of April 30, 2002, aggregate the additional sum of $11,585.70. A true and correct copy of a Spreadsheet containing the finance charges which have accrued is attached hereto as Exhibit D and incorporated by reference.

SL1 261702v1/00000.000

12. Pursuant to the Agreement, finance charges continue to accrue on the unpaid principal sum at the rate of $59.23 per day. No part of said principal sum of $116,994.02 or the finance charges thereon have been paid by defendants to Lafarge, despite due demand therefore.

## **COUNT I – LAFARGE CORPORATION v. LAMCORP, INC.**
### (Breach of Contract)

13. Lafarge repeats, reiterates and realleges each and every allegation contained in paragraphs 1-12 hereof as if fully set forth herein at length.

14. By reason of the foregoing, Lamcorp has materially breached the Agreement with, and is liable to, Lafarge for the principal sum of $116,994.02, plus all finance charges which have and hereafter shall accrue thereon, and the attorney's fees and costs Lafarge has incurred and will hereafter incur in collecting the sums due.

WHEREFORE, Lafarge requests that the Court enter judgment in its favor and against Lamcorp, Inc. in an amount in excess of $116,994.02 plus finance charges, attorney's fees and costs and such other relief that the Court deems appropriate.

## **COUNT II – LAFARGE CORPORATION v. LAMCORP, INC.**
### (Conversion)

15. Lafarge repeats, reiterates and realleges each and every allegation contained in paragraphs 1-14 hereof as if fully set forth herein at length.

16. Lamcorp's receipt, retention and use of Lafarge's Goods, without payment, therefore constitutes conversion.

17. By reason of the foregoing, Lamcorp is liable to Lafarge in the principal sum of $116,994.02 plus all finance charges which have accrued and hereafter shall accrue thereon and the attorney's fees and costs Lafarge has incurred and will hereafter incur in collecting the sums due.

SL1 261702v1/00000.000

WHEREFORE, Lafarge requests that the Court enter judgment in its favor and against Lamcorp, Inc. in an amount in excess of $116,994.02 plus finance charges, attorney's fees and costs and such other relief that the Court deems appropriate.

### COUNT III - LAFARGE CORPORATION v. JAY SKOWRONEK AND JUDITH SKOWRONEK
(Personal Guaranty)

18.   Lafarge repeats, reiterates and realleges each and every allegation contained in paragraphs 1-17 hereof as if fully set forth herein at length.

19.   By reason of the foregoing, Mr. Skowronek and Mrs. Skowronek are jointly and severally liable to Lafarge in the principal sum of $116,994.02, plus all finance charges which have accrued and hereafter shall accrue thereon and the attorney's fees and costs Lafarge has incurred and will hereafter incur in collecting the sums due.

WHEREFORE, Lafarge requests that the Court enter judgment in its favor and against Lamcorp, Inc. in an amount in excess of $116,994.02 plus finance charges, attorney's fees and costs and such other relief that the Court deems appropriate.

STEVENS & LEE

Dated: May 10, 2002

By:_____
Ronald L. Williams
Attorney I.D. No. 47912
One Glenhardie Corporate Center
1275 Drummers Lane
Wayne, PA  19087-0236
(610) 293-5883
    -and-
Lawrence E. Tofel, Esq. (LET-8631)
Tofel, Karan & Partners, P.C.
780 Third Avenue
New York, New York 10017
(212) 752-0007

Attorneys for Plaintiff
Lafarge Corporation

5

SL1 261702v1/00000.000